UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 19-cv-24404-UU

SUTTON NATIONAL INSURANCE HOLDINGS LLC, a Delaware limited liability company, SUTTON NATIONAL INSURANCE COMPANY, a Wisconsin insurance company, and 777 PARTNERS LLC, a Delaware limited liability company,

    *Plaintiffs*,

v.

ATLAS GENERAL HOLDINGS, LLC, a Delaware limited liability company, CYPRESS POINT HOLDINGS LLC, a Nevada limited liability company, WILLIAM TRZOS, an individual,

    *Defendants*.

_____/

## MOTION FOR REMAND

Plaintiffs Sutton National Insurance Holdings LLC ("Sutton Holdings"), Sutton National Insurance Company ("Sutton Insurance"), and 777 Partners LLC ("777 Partners", with Sutton Holdings and Sutton Insurance, "Plaintiffs"), pursuant to 28 U.S.C. § 1447(c), respectfully request that the Court, on an expedited basis, remand Plaintiffs' action against Defendants Atlas General Holdings, LLC ("Atlas Holdings"), Cypress Point Holdings LLC ("Cypress Point"), and William Trzos ("Trzos;" Atlas, Cypress Point, and Trzos, "Defendants") to the State Court (defined below) for this Court's lack of subject matter jurisdiction, and state:

### INTRODUCTION

Contrary to Defendants' deficient Notice of Removal, ECF No. [1], *the parties here are not completely diverse*: Plaintiff 777 Partners is a citizen of (among other states) California and

Texas, as are all of the Defendants, Atlas (California and Texas), Trzos (California), and Cypress Point (California). This Court lacks diversity subject matter jurisdiction over this matter, and must therefore remand the action to state court in Florida—where Defendants defrauded Plaintiffs, and therefore where Plaintiffs properly filed this action in the first place.

## RELEVANT BACKGROUND

Plaintiffs sue Defendants for fraud and breaches of their fiduciary duties. Plaintiffs initiated suit on September 25, 2019 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("State Court"), Case No. 2019-27950-CA-01 ("State Court Action").

Defendants served Atlas and Cypress Point; Trzos attempted to evade service, which was eventually accepted by his counsel. Defendants requested and Plaintiffs agreed to a November 6, 2019 response deadline. The State Court then set its initial case management conference for November 15, 2019.

Defendants filed their Notice of Removal on October 24, 2019, seeking to substantiate only diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Notice of Removal ¶ 7.

Defendants admit that for diversity purposes: (a) Defendant Cypress Point is a citizen of California; (b) Defendant Trzos is a citizen of California, and (c) Defendant Atlas, through Cypress Point, is a citizen of California, and through another of its members, Vanbridge Investors I LLC, is a citizen of Texas (among other states).

Defendants further allege that Plaintiff 777 Partners is a citizen only of Florida, stating:

> Plaintiff 777 Partners is "a Delaware limited liability company with a principal place of business in Miami, Florida." Compl. ¶ 12. 777 Partners' members are (i) SuttonPark Acquisition LLC, a Delaware limited liability company, (ii) WBJP Partners, LLC, a Florida limited liability company, and (iii) 1221 Capital LLC, a Florida limited liability company. The members of the SuttonPark Acquisition LLC are two individuals who are citizens of Florida. The members of WBJP Partners, LLC are two individuals who are citizens of Florida. The members of 1221 Capital

2

LLC are two individuals who are citizens of Florida. Accordingly, 777 Partners is a citizen of Florida for purposes of diversity jurisdiction.

Notice of Removal ¶ 12.

Defendants are incorrect. Indeed, 1221 Capital LLC ("1221 Capital"), a Florida limited liability company, is one of the members of 777 Partners. However, of 1221 Capital's 10 members, one is an individual who is a citizen of California, and one is an individual who is a citizen of Texas. Accordingly, for diversity purposes, 777 Partners is a citizen of California and Texas (among other states).

Contemporaneously with this Motion, Plaintiffs are filing a motion to submit under seal evidence supporting 777 Partners' citizenship in California and Texas. Such evidence is available for in camera inspection by the Court upon request.

**LEGAL STANDARD**

"Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity'—the citizenship of *every plaintiff* must be diverse from the citizenship of *every defendant*." *Banks v. Urban Radio Commc'ns LLC*, 2011 WL 13223735, at *3 (S.D. Fla. Aug. 18, 2011) (Ungaro, J.) (emphasis added) (quoting *Legg v. Wyeth*, 428 F.3d 1317, 1320 (11th Cir. 2005)). As Defendants admit, *see* Notice of Removal ¶ 10, "[w]hen determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of *every* state that any member is a citizen of." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) (emphasis added).

"[S]tem[ming] from the fact that federal courts are courts of limited jurisdiction . . . the removal statute is to be strictly construed against removal and in favor of remand." *Trutie v. Republic Nat. Distributing Co., L.L.C.*, 718 F. Supp. 2d 1350, 1351 (S.D. Fla. 2010) (citing, *inter alia*, *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005); *Burns v. Windsor Ins. Co.*, 31

3

F.3d 1092, 1095 (11th Cir. 1994) ("where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand"). "Any doubt as to the appropriateness of removal must be resolved against accepting removal jurisdiction and in favor of remand." *160 Reef Road LLC v. Wells Fargo Bank, N.A.*, 2015 WL 12517575, at *1 (S.D. Fla. Jan. 28, 2015) (citing *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003).

Defendants as the removing party bear the burden of proving federal jurisdiction. *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Defendants must do so by a preponderance of the evidence. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996). And the Court must hold Defendants to that burden based on the limited facts proven by Defendants in the removal notice:

> Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists. Indeed, the defendant, by removing the action, has represented to the court that the case belongs before it. Having made this representation, the defendant is no less subject to Rule 11 than a plaintiff who files a claim originally. Thus, a defendant that files a notice of removal prior to receiving clear evidence that the action satisfies the jurisdictional requirements, and then later faces a motion to remand, is in the same position as a plaintiff in an original action facing a motion to dismiss. The court should not reserve ruling on a motion to remand in order to allow the defendant to discover the potential factual basis of jurisdiction. Such fishing expeditions would clog the federal judicial machinery, frustrating the limited nature of federal jurisdiction by encouraging defendants to remove, at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction.

*Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1217 (11th Cir. 2007). If the evidence offered by Defendants in the removal notice is insufficient to establish the propriety of removal, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id.* at 1214-15.

# ARGUMENT

Defendants failed to meet their burden to establish diversity jurisdiction because as a factual matter the parties are not completely diverse: Plaintiff, 777 Partners, and the Defendants, Atlas, Trzos, and Cypress Point, are citizens of the same states (California and Texas).

777 Partners is a citizen, through its members, of both California and Texas (among other states). Plaintiffs' evidence establishes that. Defendants admit that they are all citizens of California, and that Atlas is also a citizen of Texas. Accordingly the parties to this suit are not completely diverse, divesting this Court of subject matter jurisdiction. *Banks*, 2011 WL 13223735, at *3; *Legg*, 428 F.3d at 1320; *Purchasing Power*, 851 F.3d at 1220.

Defendants' Notice of Removal is *prima facie* deficient: Defendants offer no evidence but only conclusory allegations as to the ultimate citizenship of any of the parties. Certainly, Defendants have not established complete diversity by the preponderance of the evidence. *Tapscott*, 77 F.3d at 1356-57. The Court must remand on that basis alone. *Lowery*, 483 F.3d at 1214-15, 1217.

To the extent the conflict between Defendants' unsupported allegations of the parties' membership, and Plaintiffs' proof of 777 Partners' citizenship, leaves any doubt, the Court must hold Defendants to their burden, construe the removal statute strictly in favor of remand, and resolve any doubt in favor of remand. *Leonard*, 279 F.3d at 972; *Burns*, 31 F.3d at 1095; *Allen*, 327 F.3d at 1293; *Trutie*, 718 F. Supp. 2d at 1351; *160 Reef Road*, 2015 WL 12517575, at *1.

Because the Court lacks subject matter jurisdiction, it must remand this action back to the State Court for continuation of the State Court Action. Given the impending deadlines in the State Court Action—Defendants are due to respond to the Complaint on November 6, and the State

5

Court is scheduled to hold its initial case management conference on November 15—Plaintiffs request that the Court issue its remand order on an expedited basis.

## FEES AND COSTS

The Court is statutorily empowered to grant Plaintiffs "just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 USC § 1447(c). Courts properly and routinely award fees where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see Gonzalez v. J.C. Penney Corp.*, 209 F. App'x 867, 870 (11th Cir. 2006) ("removal must still be grounded in some objectively reasonable basis when it occurs"); *see, e.g., Path Med. LLC v. Geico Indem. Co.*, 2018 WL 7247181, at *2 (S.D. Fla. May 20, 2018) (granting fees where no objectively reasonable basis for removal); *Cappello v. Carnival Corp.*, 2012 WL 3759026, at *3 (S.D. Fla. Aug. 29, 2012) (same); *Majorca Towers Condo., Inc. v. QBE Ins. Corp.*, 2012 WL 13014681, at *3 (S.D. Fla. Apr. 26, 2012) (same); *Murphy v. Black & Decker Corp.*, 2008 WL 11331834, at *2 (S.D. Fla. Sept. 9, 2008) (same). "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin*, 546 U.S. at 140. Attorneys' fees are especially appropriate "where the lack of jurisdiction is plain in the law and would have been revealed to counsel for the defendant with a minimum of research." *Hai Investments, LLC v. United Nat'l Ins. Co.*, 2015 WL 12778782, at *2 (S.D. Fla. Jan. 30, 2015); *City of Fort Lauderdale v. Scott*, 2010 WL 680842 (S.D. Fla. Feb. 18, 2010).

Had Defendants simply met and conferred with Plaintiffs or opposing counsel prior to seeking removal, they would have discovered that they had no basis, let alone an objectively reasonable basis, to do so because this Court lacks diversity jurisdiction. (Indeed, Defendants were

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

C&F Motion to Remand 000561

required to meet and confer with Plaintiffs in the normal course under the Complex Business Litigation Rules governing the State Court Action, and because the State Court ordered a pre-conference conferral ahead of the scheduled initial case management conference.) But they did not, instead forcing the parties, this Court and the State Court to waste resources and time attending to removal and remand. The Court should award Plaintiffs all attorneys' fees and related costs associated with removal and remand.[1]

## CONCLUSION

WHEREFORE, for the reasons and upon the authority stated and referenced herein, Plaintiffs respectfully request that the Court grant this Motion; on an expedited basis remand this action to the State Court for continuation of the State Court Action; award Plaintiffs all costs and expenses, including all attorneys' fees and costs, related to removal and remand; and grant Plaintiffs such other relief at the Court deems just and proper.

---

[1] Plaintiffs will submit evidence of their fees and costs once the Court rules on this Motion.

7

October 27, 2019                                   Respectfully submitted,

                                          **STEARNS WEAVER MILLER WEISSLER ALAHADEFF & SITTERSON, P.A.**
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

By: */s/ Jason S. Koslowe*
      Alan H. Fein
      Florida Bar No. 288349
      afein@stearnsweaver.com
      Jason S. Koslowe
      Florida Bar No. 122758
      jkoslowe@stearnsweaver.com

*Counsel for Plaintiffs*

8

Stearns Weaver Miller Weissler Alhadeff & Sitterson, p.a.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

C&F Motion to Remand 000563

## STATEMENT AS TO GOOD FAITH CONFERENCE

As this Motion is in effect a request to dismiss this cause from this Court, Local Rule 7.1(a)(3) does not require that counsel meet and confer before filing.

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on 27th day of October, 2019, I caused to be filed the foregoing document with the Clerk of Court using CM/ECF, and that the foregoing document was or is being served on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                                                */s/   Jason S. Koslowe*
                                                                 Jason S. Koslowe

**SERVICE LIST**

Richard David Shane, Esq.
Alvin David Lodish, Esq.
DUANE MORRIS, LLP
201 South Biscayne Boulevard
Suite 3400
Miami, FL 33131
Telephone: 305-960-2200
Fax: 305 960-2201
E-mail: rdshane@duanemorris.com
E-mail: alodish@duanemorris.com

*Counsel for Defendants*

#7860915 v1
10