United States District Court
Southern District of Texas
**ENTERED**
January 29, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: SYNGENTA PRODUCTS LIABILITY LITIGATION | § § § | |
| CLAYTON CLARK, *et al.*, | § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Case No. 4:23-cv-03031 |
| EMPLOYEE FUNDING OF AMERICA, LLC, | § § § | |
| *Defendant*.[1] | § | |

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the Court is the motion to remand of the purported Plaintiffs Clayton Clark and his associated law firms Clark, Love & Hutson, GP, and Clark, Love & Hutson, PLLC (collectively "Clark"), along with Peter Flowers and his law firm Meyers & Flowers, LLC (collectively "Flowers").[2] ECF No. 6. This case involves a qualified settlement fund ("QSF") established in the Wharton County District Court to oversee the distribution of attorneys' fees and expenses related to a $1.5 billion class-action settlement in the multidistrict Syngenta Corn Litigation. *See In re:*

---

[1] The parties' status in this action as plaintiff, counterclaim-plaintiff, defendant, or counterclaim-defendant is a contested issue. For the sake of consistency, and without prejudice, the Court utilizes the case caption as styled in the notice of removal. ECF No. 1.

[2] The district judge to whom this case is assigned referred this motion for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Order, ECF No. 15.

*Syngenta AG MIR162 Corn Litigation*, Master File No. 2:14-MD-02591-JWL-JPO, MDL No. 2591 (D. Kan.). Purported Defendant Employee Funding of America, LLC ("EFOA") intervened in the QSF proceeding, seeking to stay and vacate the agreed-upon distributions. After a mandamus action, an arbitration in Travis County, and appeals of both, Clark and Flowers asserted counterclaims against EFOA in the QSF proceeding for tortious interference with contract. Without severing those counterclaims, EFOA removed the QSF proceeding to federal court based on federal diversity jurisdiction. The basic question presented in the motion to remand is whether EFOA's removal was proper.

After thoroughly considering the briefing,[3] the evidence, and the applicable law, the Court concludes that the motion to remand, ECF No. 6, should be granted. First, EFOA has failed to establish complete diversity among the parties. In addition, Clark and Flowers's counterclaims were not an initial pleading and therefore did not provide a basis to trigger removal. Furthermore, EFOA's removal was untimely. Thus, the matter should be remanded to state court. Finally, because EFOA lacked an objectively reasonable basis for removal, Clark and Flowers should be awarded their reasonable attorneys' fees.

---

[3] EFOA filed a response, ECF Nos. 10, 11, 12, and Clark and Flowers filed a reply, ECF No. 14.

## I.    BACKGROUND

Clark and Flowers, alongside Martin Phipps and his associated law firms of Martin Phipps PLLC and Phipps Anderson Deacon LLP (collectively "Phipps"), acted as plaintiffs' counsel in the complex multidistrict litigation referred to as the Syngenta Corn Litigation. ECF No. 1-2 ¶ 9. In 2016, Clark, Flowers, and Phipps entered into a joint venture agreement to administer the distribution of attorneys' fees and expenses awarded in the Syngenta Corn Litigation. *Id.* Pursuant to that agreement, the parties selected Archer Systems, LLC ("Archer"), to establish a QSF and act as fund administrator. ECF No. 1 ¶ 1. On December 22, 2020, Archer filed a "Petition to Establish the Meyers-Clark-Phipps Syngenta Qualified Settlement Fund" in Wharton County District Court, under 26 C.F.R. § 1.468B-1. ECF No. 1-6. Archer asked the court to exercise "continuing jurisdiction" over the QSF and hear "all disputes which may arise related to the Fund." *Id.* at 3. Archer's petition also requested the QSF proceeding to remain under seal due to the confidential nature of the Syngenta settlement agreements. *Id.* at 2, 7. The Wharton County court approved the establishment of the QSF, noting that it would "retain[] jurisdiction thereof," and placed the proceeding under seal. ECF No. 1-4 at 2-3. The QSF court then appointed a special master, and on March 10, 2021, it approved the distribution of attorneys' fees to the parties, based on the special master's recommendation. *Id.* at 4-11.

Allegedly without the knowledge of Clark and Flowers, in 2019, Phipps

entered into a separate credit agreement with EFOA, pledging personal property as a security interest, including any future attorneys' fees. ECF No. 1-2 ¶ 14. Seeking to "protect its interests" in Phipps's attorneys' fees, on May 17, 2021, EFOA intervened in the QSF proceeding, "as attorney-in-fact for certain law firms associated with Martin Phipps." ECF No. 6-12 at 1. EFOA's petition in intervention requested access to all sealed records and asked the QSF court to distribute funds according to "the provisions of EFOA's loan, security, and power-of-attorney agreements," as well as "such other and further relief" it may be entitled to. *Id.* ¶¶ 17, 19. EFOA then filed a motion for access and, because Phipps's share of attorneys' fees was smaller than anticipated, a motion to stay further disbursements. ECF No. 11-12 at 25-29. When the QSF court had not ruled on those motions after six months, EFOA initiated mandamus proceedings. *Id.* at 31. On April 7, 2022, the QSF court entered an order granting conditional access while denying the stay. ECF No. 1-4 at 22. Aside from requiring the QSF court to rule on the motions, the appellate court denied mandamus. ECF No. 6-13 at 31. EFOA then appealed to the Texas Supreme Court, requesting that all court orders below be vacated. *Id.* at 54-58. On April 22, 2022, the Texas Supreme Court stayed the QSF proceedings pending resolution of EFOA's petition. ECF No. 11-15. Mandamus was ultimately denied on June 2, 2023. ECF No. 6-15.

Meanwhile, shortly after EFOA's intervention in the QSF, on August 3, 2021,

Phipps invoked the dispute resolution provisions in the joint venture agreement. ECF No. 1-2 ¶ 17. Clark, Flowers, and Phipps participated in arbitration. On December 20, 2021, the arbitration panel issued its award in favor of Clark and Flowers. ECF No. 11-13 at 12-14. Clark and Flowers subsequently sought to register the arbitration award in Travis County, where the arbitration took place. ECF No. 11-16. EFOA intervened in the Travis County action, asserting counterclaims against Clark and Flowers. ECF Nos. 11-17, 12-1. On June 1, 2023, EFOA was granted a brief stay pending resolution of the QSF mandamus appeal. ECF Nos. 10-3, 11-19. Then, on June 30, 2023, the Travis County court entered final judgment confirming the arbitration award. ECF No. 6-17. EFOA has since appealed the Travis County judgment. ECF No. 12-7.

Following the conclusion of the mandamus proceedings and the arbitration, on July 18, 2023, Clark and Flowers filed counterclaims against EFOA in the QSF court. ECF No. 1-2. Clark and Flowers allege that EFOA tortiously interfered with their contract, coercing Phipps into breaching the joint venture agreement and contesting the agreed-upon distribution of attorneys' fees. *Id.* ¶¶ 27-57. EFOA filed its notice of removal 30 days thereafter. ECF No. 1.

## II.   DIVERSITY JURISDICTION REQUIRES COMPLETE DIVERSITY AND REMOVAL WITHIN ONE YEAR.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking a federal court's

jurisdiction must plead sufficient facts to show that jurisdiction is proper. *Id.*; *see also McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975). Federal courts may exercise diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the dispute is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction generally requires complete diversity of citizenship among the plaintiffs and defendants. *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004). The citizenship of an LLC "is determined by the citizenship of all of its members," and the party asserting federal jurisdiction "must specifically allege the citizenship of every member of every LLC." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quotations omitted). Courts must distinguish between "membership" and "ownership" for LLC citizenship, with the latter being largely irrelevant. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023).

Section 1441 allows for the removal to federal court of "any civil action" filed in state court that otherwise could have been filed in federal court "by the defendant or the defendants." 28 U.S.C. § 1441(a). A removing defendant must file a notice of removal "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Where "the case stated by the initial pleading is not removable," the 30-day removal window does not begin until receipt "of an amended

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). But an action may not be removed based on diversity "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c)(1).

Removal is only available to defendants, and § 1441(a) "does not permit removal by any counterclaim defendant." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ___, 139 S. Ct. 1743, 1748 (2019). This is because "the statute refers to 'civil actions,' not 'claims,'" and the filing of a counterclaim does "not create a new 'civil action.'" *Id.* (cleaned up). Furthermore, "diversity of citizenship must exist *both* at the time of filing in state court and at the time of removal to federal court." *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (quotation omitted) (emphasis in original).

On a motion to remand, courts may consider "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts" to determine whether subject-matter jurisdiction exists. *United States v. Renda Marine, Inc.*, 667 F.3d 651, 654 (5th Cir. 2012); *see also Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995) (holding courts may "pierce the pleadings" and review outside evidence "to determine removal jurisdiction"). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper," and "[a]ny

ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

## III.    THIS CASE MUST BE REMANDED.

Clark and Flowers, through their motion to remand, ECF No. 6, argue that EFOA's removal was improper under 28 U.S.C. § 1441(a) and untimely under 28 U.S.C. § 1446(b)(3) and (c). Clark and Flowers also assert that complete diversity between the parties is absent and thus the Court lacks subject-matter jurisdiction. Clark and Flowers additionally request attorneys' fees and costs under 28 U.S.C. § 1447(c). The Court first addresses EFOA's basis for diversity jurisdiction. *See, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (explaining that courts must examine the basis of jurisdiction *sua sponte* and dismiss if the case if subject-matter jurisdiction is lacking). The Court then considers Clark and Flowers's statutory arguments against removal under § 1441 and § 1446, followed by attorneys' fees under § 1447. Because EFOA ultimately bears the burden of establishing federal court jurisdiction, it must persuasively respond to each of these contentions. As set forth in detail below, EFOA has not satisfied this burden.

### A.    EFOA Fails To Establish Complete Diversity Between The Parties, Thus The Court Lacks Subject-Matter Jurisdiction.

EFOA states in its notice of removal that diversity jurisdiction under 28 U.S.C. § 1332 is the basis of removal. ECF No. 1 ¶ 8. EFOA alleges that Clark and Flowers are "residents of Texas and Illinois," and that "EFOA is a limited

liability company organized under the laws of Delaware with its principal place of business in Florida, and none of its members are citizens of Texas or Illinois." *Id.* ¶ 9. Clark and Flowers argue that EFOA has failed to allege sufficient facts in its notice of removal to show that the Court has subject-matter jurisdiction. ECF No. 6 at 16-18. The Court agrees.

At the outset, there are three flaws with EFOA's jurisdictional allegations. First, what matters for purposes of diversity jurisdiction is "citizenship," not where parties may claim "residency." *SXSW*, 83 F.4th at 407 ("An allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" (quotation omitted)). EFOA's reference to Clark's and Flowers's residency fails to satisfy its burden of alleging citizenship and is immaterial. Second, there are multiple LLC parties involved—EFOA is an LLC, and Clark and Flowers also include several LLC parties—and yet EFOA fails to "specifically allege the citizenship of every member of every LLC." *Id.* at 408 (quotation omitted). EFOA's assertion that none of its members are citizens of the same state does not satisfy its burden. Third, EFOA must establish complete diversity *both* at the time of removal and when the action was filed in state court. *In re Levy*, 52 F.4th at 246. EFOA alleges no facts about the citizenship of Clark and Flowers when the state court action was filed, regardless of whether the QSF petition, intervention, or counterclaim is considered the start of the

9

action.[4] Likewise, EFOA fails to allege any facts pertaining to its membership as of July 18, 2023, when Clark and Flowers filed their counterclaim against it; as of May 17, 2021, at the time of intervention; or as of December 22, 2020, when the QSF petition was filed. EFOA thus failed to include sufficient jurisdictional allegations in the notice of removal.

Nonetheless, courts may consider evidence beyond the pleadings to determine subject-matter jurisdiction,[5] and "courts often consider summary judgment type evidence in dealing with motions to remand." *Rodriguez v. CVS Pharmacy, Inc.*, No. 1:23-CV-006, 2023 WL 3690102, at *5 (S.D. Tex. Apr. 26, 2023), *report and recommendation adopted*, No. 1:23-CV-00006, 2023 WL 3688009 (S.D. Tex. May 26, 2023). The parties have since filed certificates of interested parties. *See* FED. R. CIV. P. 7.1(a)(2). In their filing, Clark and Flowers confirm that they and all members of their LLC parties are citizens of Texas and Illinois. ECF No. 8. In its amended certificate, EFOA provides the following description:

> EFOA is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Florida. EFOA is a wholly owned indirect subsidiary of 777 Partners, LLC. 777 Partners, LLC is registered under the laws of the state of Delaware and has two members. Each of those members are LLCs registered under the laws of the state of Florida. Each of those members,

---

[4] The issue of which pleading initiated this action is disputed.

[5] The parties have each submitted additional jurisdictional evidence for the Court to consider. Aside from disagreeing about the import or weight of those filings, no party has objected to the Court considering evidence outside the pleadings to determine whether diversity jurisdiction is proper. Regardless, as set forth above, complete diversity is absent on the pleadings alone.

in turn, has a single member, each of which is an individual person who is a citizen of Florida. No publicly-held corporation has a membership interest in 777 Partners, LLC.

ECF No. 9 at 1. Once again, these allegations are insufficient, as principal place of business and state of incorporation are irrelevant for LLCs. *See SXSW*, 83 F.4th at 407-08. EFOA's statement that it is a "wholly owned indirect subsidiary" of another LLC is also insufficient, as ownership does not equate to membership. *See id.* at 408. EFOA never identifies any of its LLC members in later filings, and EFOA again fails to allege the citizenship of its members at or before the time of intervention.

Even more concerning is that Clark and Flowers attach filings from another federal case where 777 Partners, LLC—the only entity EFOA identifies in relation to its membership or ownership structure—judicially admitted to being a citizen of Texas as recently as October of 2019. ECF Nos. 6-20, 6-21. Clark and Flowers also identify JusticeFunds, LLC as one of EFOA's possible members based on prior exchanges. *See* ECF Nos. 6-22, 6-23. EFOA responds that "those filings predate changes in EFOA's ownership," and JusticeFunds, LLC "is not a direct or indirect owner or member of EFOA." ECF No. 10 at 17. Aside from conflating ownership with membership again, EFOA does not state *when* those alleged changes took place. EFOA either fails or refuses to identify each of its LLC members, instead basing its opposition on inapposite case law for corporate citizenship. *See id.* at 17 n.54. EFOA's response thus fails to carry its burden. Complete diversity is absent on this

record, and the Court lacks subject-matter jurisdiction over this action. Therefore, the case should be remanded based on this record.

## B.     EFOA's Removal Was Improper Under § 1441(a) And § 1446(b)(1) Regardless Of The Sufficiency Of Its Jurisdictional Allegations.

Even if EFOA could refile its jurisdictional disclosures and support it with adequate documentation, *see* 28 U.S.C. § 1653 (permitting amendment to cure defective jurisdictional allegations), removal still would not be proper in this situation. Section 1441(a) allows for removal of a "civil action" by a "defendant." 28 U.S.C. § 1441(a). Section 1446(b)(1) then states that removal must occur within 30 days after receipt of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Clark and Flowers argue that remand is necessary because their counterclaims were not an initial pleading, and counterclaims cannot be the basis of removal under the Supreme Court's ruling in *Home Depot*. ECF No. 6 at 12-15. Clark and Flowers also assert that EFOA, as a counterclaim-defendant, is not a defendant entitled to removal, and therefore cannot remove the action to federal court under § 1441(a). *Id.* at 15-16.

In response, EFOA likens the QSF proceeding to an application to appoint an umpire for appraisal. ECF No. 10 at 19-22. Because the QSF petition and EFOA's petition in intervention asserted no claims for relief, EFOA insists that Clark's and Flowers's counterclaims must be viewed as the initial pleading. *Id.* at 22-23. EFOA argues that regardless of how the claims are styled, "the substance of the underlying

12

filings proves that EFOA is a defendant." *Id.* at 22. But EFOA's arguments are premised solely on the belief that the counterclaims are the initial pleading. EFOA supplies no basis for determining that it is a defendant, and EFOA identifies no similar cases involving QSF proceedings. Faced with such unresolved ambiguities, remand is the proper course.

### 1. *The counterclaims are not an initial pleading.*

EFOA's primary argument is that the counterclaims are the initial pleading, and therefore removal was proper. This argument is without merit. The United States Supreme Court in *Home Depot* and the plain language of 28 U.S.C. §§ 1441 and 1446 foreclose this argument. In *Home Depot*, the Supreme Court addressed the question whether § 1441(a) allowed a third-party counterclaim defendant to remove to federal court. 139 S. Ct. at 1745-46. Observing that the statutory language only references removal of a "civil action," the Supreme Court held that § 1441(a) "does not permit removal based on counterclaims at all, as a counterclaim is irrelevant" to removal. *Id.* at 1748. The fact that other removal provisions permit parties to "remove any claim or cause of action" buttressed the Supreme Court's conclusion. *Id.* at 1749 (quoting 28 U.S.C. § 1452(a)). Accordingly, "the filing of counterclaims" against new or existing parties, without more, does "not create a new 'civil action' with a new 'plaintiff' and a new 'defendant.'" *Id.* Therefore, the filing of counterclaims against EFOA did not create a new civil action and provided no basis

for removal.

Rather than base its arguments on § 1441(a), EFOA relies on the reference to "initial pleading" in § 1446(b)(1), arguing that an "initial pleading" can only be one that asserts a "claim for relief." ECF No. 10 at 18. But this view does not account for the full statutory text, which provides a 30-day window for removal upon receipt "of a copy of the initial pleading setting forth the claim for relief *upon which such action or proceeding is based*." 28 U.S.C. § 1446(b)(1) (emphasis added). Moreover, § 1446(b)(1) also refers only to the "removal of a civil action or proceeding." *Id.* EFOA cannot escape *Home Depot*'s core holding that removal for diversity is not based on *claims* but on *actions*. Here, the "action" is the QSF proceeding, and Clark and Flowers merely filed new "claims" in that action. Because Clark's and Flowers's pleading did not *initiate* the QSF proceeding, it cannot be an "initial pleading." Sections 1441(a) and 1446(b) do not provide for claim-by-claim removal, and *Home Depot*'s holding that counterclaims cannot provide a basis for removal squarely forecloses EFOA's arguments.[6] The relevant "civil action" here for removal purposes is the QSF proceeding, not Clark's and Flowers's counterclaims.

---

[6] Although Clark and Flowers *could* have filed their counterclaims as an original petition to initiate a new civil action against EFOA, that is irrelevant. EFOA failed to establish any bar to Clark and Flowers filing counterclaims or crossclaims in an existing action as they did. *See* TEX. R. CIV. P. 97. EFOA likewise *could* have requested the counterclaims be severed into a new civil action, but it did not. *See* TEX. R. CIV. P. 41. EFOA cannot now ask the Court to sever those claims from the QSF proceeding post-removal. *See Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 816-17 (5th Cir. 2021) ("[W]e will not usurp a state court's ability to decide whether parties have been misjoined under a state court's own procedural rules."). In contrast, courts are

### 2. *The QSF petition is the operative initial pleading, and EFOA's arguments under* **Dhaliwal** *are misplaced.*

Even though Clark and Flowers's counterclaims were filed in an existing civil action—the QSF proceeding—EFOA insists that the QSF petition does not qualify as an initial pleading. EFOA's argument is unpersuasive.

EFOA primarily relies on *Dhaliwal v. Meridian Security Insurance Co.*, which considered whether an application for appointment of an appraisal umpire in an insurance dispute constitutes an "initial pleading." No. 4:21-CV-056-SDJ, 2021 WL 10280366, at *3 (E.D. Tex. June 24, 2021). *Dhaliwal* involved storm damage to a residence, and the homeowner's policy contained an appraisal clause. *Id.* at *1. When the homeowner's and the insurer's appraisers could not agree on an umpire, the homeowner filed an application to appoint an umpire in state court. *Id.* The state court summarily granted the application, and the umpire eventually awarded relief in the homeowner's favor. *Id.* When the insurer refused to pay, the homeowner filed a "First Amended Petition" in state court, even though "no original petition had ever been filed" and the only prior filing was the application. *Id.* The homeowner later amended the petition to properly name the insurer as defendant, who then removed to federal court 30 days later. *Id.* at *2. To determine when the 30-day removal window began, the district court noted that both §§ 1446(b)(1) and (3) reference

---

permitted to sever *federal law* claims post-removal while remanding any state law claims. 28 U.S.C. § 1441(c). But Clark and Flowers only assert state law claims here.

15

"initial pleading," and thus "an initial pleading in state court is necessary to remove that case to federal court." *Id*. at *3. Turning to the definition of "pleading" under federal and Texas law, the court reasoned that "an application for appointment of an umpire does not raise any legal dispute for adjudication," and therefore "is not a pleading." *Id.*

EFOA contends that the QSF petition likewise cannot be an initial pleading because it "raised no 'legal dispute for adjudication,'" "no claims for relief were asserted," and it "alleges no damages and seeks no judgment." ECF No. 10 at 19-20. But EFOA cites no authority for the position that a *petition* to establish a QSF cannot be an "initial pleading." Unlike the "application" for appointment of an umpire in *Dhaliwal*, a "petition" is the primary form of pleading under Texas law and is generally considered to be the counterpart to a "complaint" under federal law. S*ee Dhaliwal*, 2021 WL 10280366, at *3 (citing TEX. R. CIV. P. 45(a); FED. R. CIV. P. 7(a)). All that is necessary to commence a civil case in federal court is the filing of a complaint. FED. R. CIV. P. 3. The QSF petition accomplished this, and there is no real dispute that the QSF proceeding existed as a civil case in the state court since December 22, 2020. *See* ECF No. 1-3 (QSF court docket sheet).

EFOA's contention is also contrary to the allegations in the petition itself. The QSF petition asserted several claims for relief, including the creation of a QSF pursuant to Treasury regulations and the appointment of a fund administrator to

oversee and distribute attorneys' fees according to the parties' agreements. ECF No. 1-6 at 6-7. Those Treasury regulations require a QSF to be established by order of a governmental authority, such as a court of law, which must exercise "continuing jurisdiction" over the action. 26 C.F.R. § 1.468B-1(c)(1). Thus, the QSF petition asked the court to hear "all disputes which may arise related to the Fund." ECF No. 1-6 at 3. The QSF court granted this relief, stating that it would "retain[] jurisdiction thereof." ECF No. 1-4 at 2. Since then, the QSF court has issued several orders appointing a special master and adopting recommendations to resolve disputes over how to distribute attorneys' fees the QSF received. *See* ECF Nos. 1-3 (docket sheet), 1-4 (state court orders). Unlike the application for an umpire in *Dhaliwal*, which was summarily granted and required no further state court involvement,[7] the QSF court here continued to play an integral role overseeing the fund and granting the relief requested in the special master's recommendations.

Moreover, EFOA concedes in its petition for removal, as it must, that "[t]he underlying action was commenced by Archer Systems LLC on December 22, 2020 as an apparent *in rem* action establishing a [QSF]." ECF No. 1 ¶ 1. Not only does this judicial admission foreclose EFOA's argument that the QSF petition was not an "initial pleading," it reflects EFOA's acknowledgement that *in rem* civil actions can

---

[7] Indeed, the *Dhaliwal* court took special note that "it is well-settled law in Texas that invoking appraisal does not require attorneys, lawsuits, or pleadings and is in fact intended to take place before a lawsuit." 2021 WL 10280366, at *3 (cleaned up). EFOA cites nothing similar for QSFs.

be established without naming a defendant or asserting claims against them. *Cf.* FED. R. CIV. P. 4(n) (providing rules for notifying "claimants" in actions against property in federal court). EFOA's petition in intervention also recognized that the "the distribution of the Syngenta Payments" was "what is already being adjudicated" in the QSF proceedings. ECF No. 6-12 ¶¶ 15-16. EFOA cannot now rewrite the history of the underlying QSF proceeding for its own convenience.[8]

Finally, the *Dhaliwal* court considered both §§ 1446(b)(1) and (3) to ascertain when the 30-day removal period began. Yet, EFOA appears to conflate those issues here. While § 1446(b)(1) addresses the timing for removal after the initial pleading is filed, subsection (b)(3) concerns removal in situations where "the case stated by the initial pleading is not removable," but later "has become removable." 28 U.S.C. § 1446(b)(3). That 30-day deadline for removal runs from receipt of a paper or pleading "from which it may first be ascertained that the case is one which is or has become removable." *Id.*

EFOA argues that the QSF petition could not have triggered the 30-day removal period as it "was not removable because it provided no basis on which EFOA could ascertain its removability." ECF No. 10 at 20. But EFOA's reasoning

---

[8] EFOA also argues that its petition in intervention was not an "initial pleading" because it "expressly disclaims any claims against a party" and did not "insert new issues beyond what [was] being adjudicated." ECF No. 10 at 21. The Court agrees that EFOA's petition in intervention was not the initial pleading here, not based on EFOA's arguments, but because the QSF proceeding was already in existence at that point.

is circuitous, as an "initial pleading" is not the pleading that first renders a case removable, it is the pleading "upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Before EFOA may rely on § 1446(b)(3), an initial pleading must already exist. Although the Fifth Circuit has identified several situations where "a suit may 'become removable' after it is filed," *Ashford v. Aeroframe Services, L.L.C.*, 907 F.3d 385, 387 (5th Cir. 2018), the filing of new state law claims is not one of them.[9] The other cases EFOA cites in support, ECF No. 10 at 20, likewise describe inapposite scenarios.[10] In other words, the QSF petition is the "initial pleading" in this instance, which EFOA concedes was not removable at first, so for removal to be proper, EFOA must rely on § 1446(b)(3).

### 3. EFOA was not a defendant in the QSF proceeding, and all doubts must be resolved against removal regardless.

Clark's and Flowers's remaining argument against removal is premised upon

---

[9] The grounds identified in *Ashford* are: (1) "when a plaintiff amends the complaint to add a federal cause of action"; (2) "when a defendant discovers that he qualifies as a federal officer"; or (3) "when the only nondiverse defendant is formally dropped from the suit." 907 F.3d at 387. The statute further describes the situation where an action may become removable where discovery reveals that the amount in controversy exceeds the $75,000 jurisdictional threshold. 28 U.S.C. § 1446(c)(3)(A). But those situations are not present here, and EFOA cites no authority in support.

[10] *See Thompson v. SMG, Inc.*, No. CIV.A. C-07-377, 2007 WL 3256588, at *3 (S.D. Tex. Nov. 5, 2007) (finding 30-day removal period began upon filing of amended petition that clarified co-defendant's citizenship); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (holding deposition is "other paper" from which defendant can "intelligently ascertain removability" under § 1446(b)(3)). In contrast, *Whitaker v. American Telecasting, Inc.*, involved the unrelated question whether the 30-day removal period under § 1446(a) should begin upon receipt of a summons containing insufficient facts for a defendant to determine removability. 261 F.3d 196, 206 (2d Cir. 2001). That portion of § 1446(a) is not at issue here as there was no summons—EFOA was an intervenor.

whether EFOA is a defendant in the QSF proceeding. Under § 1441(a), civil actions may only be removed by defendants. *See Home Depot*, 139 S. Ct. at 1748. Because the removal statutes operate on civil actions "as defined by the plaintiff's complaint, 'the defendant' to that action is the defendant to that complaint, not a party named in a counterclaim." *Id.* Clark and Flowers thus argue that removal is unavailable per *Home Depot* not just because EFOA is styled as a counterclaim-defendant in the underlying pleading, but because EFOA was not named as defendant in the QSF proceeding either. ECF No. 6 at 15-16. Indeed, there is no named defendant in the QSF proceeding, which is unsurprising considering the purpose of the QSF.[11]

EFOA responds that courts are not constrained by "the caption on a pleading" and instead must "look to the substance of the pleadings to determine their nature." ECF No. 10 at 18. EFOA is at least partially correct in that respect, *see Ashford*, 907 F.3d at 387 ("[F]ederal courts are not bound by the labels the parties give themselves in the pleadings."), but it fails to follow through with any substantive legal analysis. "For the purpose of removal, the federal law determines who is plaintiff and who is defendant." *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954). Under federal law, courts look to "the mainspring of the proceedings," as a party is the

---

[11] The QSF court's docket sheet simply lists "In Re: Syngenta Products Liability Litigation" as the defendant, with EFOA listed as "Other." ECF No. 1-3 at 2. Where documents and orders in the QSF proceeding refer to "Defendant(s)," that reference is to the settling defendants in the Syngenta Corn Litigation submitting settlement payments into the QSF. *See* ECF No. 1-4 at 12. There is no indication that EFOA or any other party's interests are aligned with the Syngenta defendants.

plaintiff for removal purposes when "the institution and continuance of the proceedings depend upon its will." *Mason City & Ft. D.R. Co. v. Boynton*, 204 U.S. 570, 580 (1907). Courts must then "look beyond the pleadings, and arrange the parties according to their sides in the dispute," based on the "primary and controlling matter in dispute." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) (quotations omitted); *accord Ashford*, 907 F.3d at 387. Where an intervenor files a notice of removal, courts generally agree that removal is appropriate only where "the intervenor is properly aligned as a defendant." *Konecny v. Espinoza*, No. SA-23-CV-00054-XR, 2023 WL 2352940, at *3 (W.D. Tex. Mar. 2, 2023); *see also* 14C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3730 (Rev. 4th ed.) (collecting cases); *In re Ford Motor Co.*, 442 S.W.3d 265, 274 (Tex. 2014) ("Intervenors can be characterized as plaintiffs or defendants depending on the claims asserted and relief requested by the intervenor." (footnote omitted)).

In this situation, there appears to be no dispute that Archer is who filed the QSF petition, ECF No. 1-6, while Clark, Flowers, Phipps, and their related law firms were the original parties to the QSF proceeding, ECF No. 1-2 ¶¶ 1-3. Indeed, the QSF is titled "Meyers-Clark-Phipps Syngenta Qualified Settlement Fund." ECF No. 1-6 at 1. All parties to the QSF proceeding began in alignment with the common goal of ensuring proper distribution of attorneys' fees according to their agreements. As jointly establishing a QSF to distribute attorneys' fees was "the mainspring of

the proceedings," *Mason City*, 204 U.S. at 580, Clark, Flowers, and Phipps would each be considered a co-plaintiff for removal purposes. EFOA then intervened "as attorney-in-fact for certain law firms associated with Martin Phipps." ECF No. 6-12 at 1. Ostensibly, then, the interests of EFOA are aligned with Phipps. Because Phipps was one of the original co-plaintiffs to the QSF proceeding, alongside Clark and Flowers, EFOA must also be considered a co-plaintiff for removal purposes. Though styled as counterclaims, Clark and Flowers's pleading is thus more properly viewed as asserting crossclaims. *See* FED. R. CIV. P. 13(g). Piercing the pleadings does not assist EFOA, as it was not a defendant at the time of filing or at intervention.

EFOA does not ask the Court to realign the parties based on the present dispute, so the question is waived. *See, e.g.*, *Roberts v. Fuentes*, No. 21-40036, 2022 WL 1548667, at *3 (5th Cir. May 16, 2022) (noting that failure to brief results in waiver). Nor would realignment cure any defects, as complete diversity must exist *both* at the time of removal and "at the time of filing in state court." *In re Levy*, 52 F.4th at 246; *see also Ashford*, 907 F.3d at 387 (reasoning that "even accounting for the possibility of realignment" as litigation progressed, removal would be improper where complete diversity was lacking under "the state of facts that existed at the time of filing" (quotation omitted)). The parties have cited no other instances of QSF proceedings being removed, nor is there any detailed explanation of how removal

might affect a QSF. [12] But the Court need not resolve such questions at this juncture, nor is it possible on this briefing. Because the propriety of EFOA's removal under these circumstances is riddled with ambiguities,[13] the Court must resolve those doubts in favor of remand. *See Mumfrey*, 719 F.3d at 397. Accordingly, EFOA's removal was improper and untimely under §§ 1441(a) and (b)(1).

### C.   EFOA's Removal Was Untimely Under § 1446(b)(3) And (c), And EFOA's Allegations Of Bad Faith Are Unsupported.

Because EFOA removed the QSF proceeding more than 30 days after the initial pleading in the QSF case was filed, EFOA must satisfy § 1446(b)(3) and (c) if removal is to be deemed timely. Under that framework, "if the case stated by the

---

[12] The Treasury regulations for establishing a QSF explicitly require that a governmental authority or "court of law" must approve and exercise "continuing jurisdiction" over a QSF. 26 C.F.R. § 1.468B-1(c)(1). Thus, removal may thus jeopardize a QSF's continued compliance with federal regulations. *But cf. In re Roper & Twardowsky, LLC*, No. 16-5485, 2016 WL 7322787, at *4 (D.N.J. Dec. 14, 2016) (approving bankruptcy court's exercise of "concurrent related to jurisdiction" over QSF as "neither the order nor the regulation claim exclusive jurisdiction"). Because this issue is not briefed and there are many other reasons why remand is necessary, the Court need not decide this question.

[13] Phipps's absence from the notice of removal is not explained. Although Phipps was not named in the counterclaims, that is irrelevant, as there is no claim-by-claim or party-by-party removal process in diversity. *Home Depot*, 139 S. Ct. at 1748-49; *see also* 28 U.S.C. § 1446(d) (requiring notice to "all adverse parties" upon removal, after which "the State court shall proceed no further unless and until the case is remanded"). More importantly, Phipps resides in Texas, ECF No. 1-2 ¶ 3, and is likely a Texas citizen as well. So, were the Court to align EFOA with Phipps here as defendants, then Texas citizens—Clark, Plaintiff, and Phipps, Defendant—would appear on both sides of the dispute, thereby destroying complete diversity. *See* 28 U.S.C. § 1332(a); *cf. id.* § 1441(b)(2) (prohibiting removal by forum-state defendants). There is no record showing that Phipps was ever dismissed as a party to the QSF proceeding, and the QSF court approved attorneys' fees payments to Phipps as recently as March of 2021. ECF No. 1-4 at 11. EFOA has not argued that Phipps is a "nominal" or "fraudulently joined" party—EFOA even identifies Phipps as a party with a financial interest in the QSF proceedings. ECF No. 9 at 1. Instead, by deleting Phipps from the notice of removal, EFOA improperly represents that complete diversity is present.

initial pleading is not removable," it may yet "become removable" upon receipt "of an amended pleading, motion, order or other paper." 28 U.S.C. § 1446(b)(3). For cases pending in state court for more than one year, however, removal based on diversity is unavailable "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c). It is undisputed that the QSF proceeding commenced on December 20, 2020, over two years before EFOA's removal. EFOA must then rely on § 1446(c), which requires a showing of bad faith.

### 1.     The "bad faith" exception in § 1446(c) is narrow in scope.

Congress amended § 1446(c) to adopt the "bad faith" exception in 2011. *See Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019), *as revised* (Aug. 23, 2019). Prior to that time, the Fifth Circuit applied an equitable-tolling rule previously announced in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003). When the Fifth Circuit confronted this issue in *Hoyt*, it noted that if Congress wanted to adopt *Tedford*'s equitable tolling it would have, but Congress chose a "bad faith" standard instead. 927 F.3d at 293-94. The Fifth Circuit differentiated these standards, reasoning that for bad faith, "the question is what motivated the plaintiff in the past— that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.'" *Id.* at 293. Based on that interpretation, *Hoyt* disavowed the *Tedford* standard, *id.* at 294, but without fully clarifying the test for "bad faith."

Following *Hoyt*, courts in this district have wrestled with the meaning of "bad faith." Looking to statutory language and legislative history, courts in this district have reasoned that the "bad faith" standard "is limited in scope," and "requires looking for willfully obstructive behavior." *Brueckner v. Hertz Corp.*, No. 4:20-CV-00334, 2023 WL 7130865, at *3 (S.D. Tex. Oct. 30, 2023) (quotations omitted). Two generally accepted examples of "bad faith" occur when a plaintiff: (1) names and retains nondiverse parties "to defeat complete diversity," or (2) "obfuscate[s] the quantity of damages it seeks for the purpose of defeating the amount-in-controversy requirement." *Id.* (quoting *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1261 (D.N.M. 2014)); *see also Guerrero v. C.R. England, Inc.*, No. 7:23-CV-00053, 2023 WL 3480903, at *4 (S.D. Tex. May 16, 2023) (finding bad faith when plaintiff half-heartedly pursued claims against non-diverse defendant). The Court is unaware of any post-*Hoyt* decisions extending "bad faith" beyond those scenarios.

### 2. *EFOA's reliance on* **Lawson** *and other cases predating* **Hoyt** *or the "bad faith" amendments to § 1446(c) is misplaced.*

EFOA does not allege any conduct comparable to the established examples of "bad faith" in *Hoyt* or *Brueckner*. Instead, EFOA contends that "bad faith" may be shown through "forum manipulation." ECF No. 10 at 15-16. EFOA primarily relies on a 2014 case from the Northern District of Texas for this proposition. *See Lawson v. Parker Hannifin Corp.*, No. 4:13-CV-923-O, 2014 WL 1158880 (N.D. Tex. Mar. 20, 2014). The civil action in *Lawson* was not removable due to the prolonged

existence of a second non-diverse defendant. *Id.* at *4. The removing defendant argued that the plaintiff "manipulated the jurisdictional facts by keeping [the non-diverse defendant] in the case for the sole purpose of defeating diversity jurisdiction, and then nonsuiting her claims against him shortly after the one-year removal period had elapsed." *Id.* The defendant provided evidence in support, including that the plaintiff waited seven months before attempting to serve the non-diverse defendant, never served any discovery requests, took no money in the alleged settlement, and then nonsuited her claims only five weeks before the trial date. *Id.* at *5. Based on that evidence, the *Lawson* court found "bad faith forum manipulation" and denied the plaintiff's motion to remand. *Id.* at *6 (citing *Tedford*, 327 F.3d at 428).

Even if the Court overlooks *Lawson*'s reliance on *Tedford* for this proposition, that case does not actually broaden the scope of "bad faith" to include all types of potential "forum manipulation." Instead, *Lawson*'s fact pattern falls squarely under *Brueckner*'s first scenario of retaining a non-diverse defendant to defeat diversity. 2023 WL 7130865, at *3. In contrast, Clark and Flowers name *only* EFOA in their counterclaims—there were never any parties added to defeat diversity. ECF No. 1-2. Indeed, Clark and Flowers *could* have easily joined Phipps as a counterclaim-defendant, thereby explicitly adding a non-diverse, forum-state defendant, but they did not. *Lawson* is therefore factually inapposite.

Nor do any of the other cases EFOA cites in passing expand the definition of

"bad faith." *See* ECF No. 10 at 16. For example, the district court in *Ehrenreich v. Black* concluded that the mere inclusion of a non-diverse defendant, without more, cannot constitute "bad faith" or "strategic gamesmanship." 994 F. Supp. 2d 284, 288-89 (E.D.N.Y. 2014). This case provides no support for EFOA's argument. As for *Brown v. Southwest Bell Telephone Co.*, that case involved a plaintiff who dropped all federal claims post-removal and then sought remand after a year of discovery. 901 F.2d 1250, 1255 (5th Cir. 1990). But there is no indication that Clark and Flowers purposefully delayed filing their counterclaims. Instead, Clark and Flowers filed their counterclaims on July 18, 2023, shortly after the Texas Supreme Court rejected EFOA's mandamus petition on June 2, 2023, and the Travis County court's entry of final judgment on June 30, 2023. ECF No. 6-2 ¶¶ 18-19; *see also* ECF Nos. 6-15, 6-17. No cited authority supports a finding of "bad faith" under these circumstances. EFOA fails to carry its burden of establishing removal jurisdiction.

### 3.      *EFOA's "bad faith" arguments are unrelated to removal.*

Even if *Lawson* is not constrained by its fact pattern, and even assuming "bad faith" can be shown through other types of "forum manipulation," EFOA has not met its burden. EFOA first argues that the QSF proceeding was "under an unlawful seal," rendering it impossible for EFOA to remove. ECF No. 10 at 24. But even if

the sealing of the QSF proceeding was contrary to Texas law,[14] EFOA successfully intervened, and the court granted EFOA's emergency motion for access to all court filings on April 2, 2022. ECF No. 1-4 at 22. The counterclaims were not filed until July 18, 2023, ECF No. 1-2, more than a year after access was granted. In other words, EFOA's removal would still be untimely. Nor is there any indication the QSF proceeding was placed under seal to impede EFOA's removal, as EFOA was not an original party and Clark and Flowers were unaware of Phipps's loan.

EFOA next argues bad faith by virtue of "a secret arbitration in EFOA's absence." ECF No. 10 at 24. But it is undisputed that "Phipps invoked the dispute resolution provisions" in the parties' agreement. *Id.* at 10. Clark and Flowers further allege in their counterclaims that Phipps invoked arbitration "at EFOA's insistence and compulsion." ECF No. 1-2 ¶ 17. EFOA even stated in its petition in intervention that it was "attorney-in-fact" for Phipps's law firms in the QSF proceeding. ECF No. 6-12 at 1. Regardless, EFOA cannot show bad faith through events *outside* of Clark's and Flowers's control. Aside from contending that the counterclaims were compulsory in Travis County and should not have been filed in the QSF proceeding,

---

[14] EFOA supplies no evidence or legal analysis to support this argument. EFOA apparently raised the same arguments before the Texas Supreme Court, and mandamus was denied. *See* ECF Nos. 6-13, 6-15. The Court is thus unconvinced that the sealing of a civil action—which in this case was predicated on the confidential nature of the Syngenta Corn Litigation settlement agreements, ECF No. 1-6 at 2—without more, provides evidence of forum manipulation.

ECF No. 10 at 24-25, EFOA does not explain how arbitration prevented removal.[15]

Ultimately, the essence of EFOA's briefing is that Clark and Flowers filing counterclaims in Wharton County *alone* amounts to forum manipulation. ECF No. 20 at 24-25. But the QSF petition stated that the Wharton County district court "shall exercise continuing jurisdiction over the Fund and shall be the designated venue by operation of law for any and *all disputes which may arise related to the Fund.*" ECF No. 1-6 ¶ 5 (emphasis added). The applicable Treasury regulations also indicate that the "court of law" that establishes a QSF must exercise "continuing jurisdiction" and resolve any related "claim asserting liability" due to "tort, breach of contract, or violation of law." 26 C.F.R. § 1.468B-1(c)(1)-(2). The Order approving the QSF petition likewise states that "the Court retains jurisdiction thereof." ECF No. 1-4 at 2. EFOA does not seriously dispute that the counterclaims—which allege tortious interference with the administration and disbursements of attorneys' fees from the fund—relate to the QSF proceeding. ECF No. 1-2 ¶¶ 27-60. The Court thus fails to see how Clark's and Flowers's actions, in

---

[15] EFOA makes much of the Texas Supreme Court's stay of the QSF proceedings, dated April 22, 2022, ECF No. 11-15, arguing that Clark and Flowers violated that order in several respects, amounting to "bad faith." ECF No. 10 at 24. EFOA also alleges the existence of an earlier appellate stay issued on December 21, 2021, *id.* at 11, but no such order is attached. The QSF court's docket sheet, however, confirms no action took place in violation of either stay. *See* ECF No. 1-3. EFOA's insistence that the arbitration violated those stays is also unsupported, as the arbitration occurred well before either. Even if Clark and Flowers somehow flouted the Texas Supreme Court's stay, EFOA does not explain how any of that was intended to prevent it from removing to federal court, which is the only type of "bad faith" relevant under § 1446(c).

compliance with the QSF proceeding's governing documents and regulations, in any way amounts to "forum manipulation." In the absence of any relevant evidence of "bad faith," EFOA cannot meet its burden, and removal must be deemed untimely under § 1446(c).

### D. Attorneys' Fees and Costs Should Be Awarded Under § 1447(c), as EFOA's Removal Was Not Objectively Reasonable.

Clark and Flowers argue that "EFOA lacked an objectively reasonable basis for removal," which entitles them to attorneys' fees and costs incurred as a result of EFOA's removal. ECF No. 6 at 21. In response, EFOA only argues that its "removal was proper" and therefore "no fees should be awarded." ECF No. 10 at 25. Ultimately, the Court agrees with Clark and Flowers that EFOA had no objectively reasonable basis for removal, and reasonable fees and costs should be awarded.

Section 1447 provides that a successful motion to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Attorneys' fees are available only "where the removing party lacked an objectively reasonable basis for seeking removal" or in other "unusual circumstances." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Courts generally award fees "when the non-removability of the action should have been obvious and thus the filing of the notice clearly was improper." 14C WRIGHT & MILLER, *supra*, § 3739.3 (collecting cases). Removal is objectively reasonable where a district court split exists, where case law from other

30

circuits supports removal, or where the party seeking removal makes "colorable arguments, supported by facts and authority," that an action is removable. *Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 699-700 (5th Cir. 2017); *see also Probasco v. Wal-Mart Stores Tex., L.L.C.*, 766 Fed. App'x 34, 37 (5th Cir. 2019) ("A fee award is inappropriate if the removing party could conclude from existing case law that its position was not an unreasonable one." (cleaned up)). Fees are available where removal is clearly improper under binding precedent, or where only one inapposite district court case is cited in support. *Renegade Swish*, 857 F.3d at 700-01.

Here, EFOA should have known that *claims* cannot be the basis of removal, as § 1441(a) only allows for the removal of "civil actions." *Home Depot*, 139 S. Ct. at 1748. This is true regardless of whether Clark's and Flowers's claims are considered counterclaims or crossclaims, and regardless of whether EFOA is considered a defendant or plaintiff. EFOA's argument that the counterclaims were an "initial pleading" is farcical, as that would require the Court to ignore the existence of the three-year-old QSF proceeding in which those claims were filed and EFOA's intervention. EFOA's arguments are also foreclosed by the plain language of the statute, which describes an "initial pleading" as the pleading "upon which such action or proceeding is based." 28 U.S.C. § 1441(a); *see also id.* § 1446(b)(3) (referencing removability of "the case stated by the initial pleading"). Because the counterclaims were filed in an existing action, they cannot be an "initial pleading."

Moreover, EFOA's reliance on *Dhaliwal*, a single district court case involving an application to appoint an umpire, is unreasonable. Unlike the umpire application in *Dhaliwal*, which was resolved almost immediately, the QSF proceeding was a civil action initiated by a formal petition and supervised continuously by the state court.

EFOA's timing arguments are equally spurious, as the addition of new state-law counterclaims to an existing civil action is not a basis for making an action removable. EFOA's inability to find any cases remotely supporting its position should render this point obvious. Furthermore, EFOA's bad faith arguments are irrelevant and cannot reasonably support a finding of bad faith as a matter of law. Instead, the Court agrees with Clark's and Flowers's view that EFOA is the one attempting to engage in forum manipulation, due to its repeated lack of success in Texas state courts. The evidence attached to the motion to remand support this conclusion.

But perhaps most egregious is EFOA's repeated failure to plead the citizenship of its LLC members to establish the basis for diversity jurisdiction. Even after Clark and Flowers argued that EFOA failed to adequately identify its members and their citizenship in the notice of removal, EFOA refused to rectify that oversight in its amended certificate of interested parties. ECF No. 9. EFOA cites inapposite case law pertaining to the test for corporations in its response. ECF No. 10 at 17 n.54. This repeated failure to comply with binding authority to clarify the citizenship

of *all* LLC members, *see SXSW*, 83 F.4th at 408, even in the face of evidence that EFOA's only disclosed member judicially admitted to being a citizen of Texas, ECF Nos. 6-20, 6-21, is objectively unreasonable. EFOA knew that it had to establish complete diversity between the parties for removal, and as an LLC, that means pleading the citizenship of every member—not just its ownership structure—under binding Fifth Circuit precedent. Accordingly, Clark's and Flowers's request for attorneys' fees and costs under 28 U.S.C. § 1447(c) should be granted.

## IV.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Clark's and Flowers's motion to remand, ECF No. 6, be **GRANTED**. Because EFOA lacked an objectively reasonable basis for removal, the Court **FURTHER RECOMMENDS** that reasonable attorneys' fees and costs be awarded to Clark and Flowers pursuant to § 1447(c). Clark and Flowers shall submit documentation in support of its fees request within 14 days after the deadline for filing objections.

**The parties have 14 (fourteen) days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on January 29, 2024.

**Dena Hanovice Palermo**
**United States Magistrate Judge**