United States District Court
Southern District of Texas
**ENTERED**
May 20, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: SYNGENTA PRODUCTS LIABILITY LITIGATION | § § § | |
| CLAYTON CLARK, *et al.*, Plaintiffs, | § § § | |
| v. | § § | Case No. 4:23-cv-03031 |
| EMPLOYEE FUNDING OF AMERICA, LLC, Defendant.[1] | § § § § | |

## JUDGE PALERMO'S REPORT & RECOMMENDATION

Before the Court is the motion for attorneys' fees filed by Clayton Clark, Peter Flowers, and their respective law firms (collectively "Clark and Flowers").[2] Mot. for Atty's Fees, ECF No. 20. Based on a thorough review of the briefing,[3] the case law, and the evidence presented, the Court finds that Clark and Flowers are entitled to full reimbursement of costs and a reduced award of attorneys' fees.

## I.     BACKGROUND

This case involves a qualified settlement fund ("QSF") established in the

---

[1] The parties' status in this action is contested. For the sake of consistency, however, the Court continues to utilize the case caption as styled in the notice of removal. ECF No. 1.

[2] The district judge to whom this case is assigned referred the matter of attorneys' fees for resolution pursuant to 28 U.S.C. § 636(b)(1). *See* Order Adopting, ECF No. 19. Federal Rule of Civil Procedure 54(d) authorizes referral of "a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." FED. R. CIV. P. 54(d)(2)(D).

[3] Employee Funding of America, LLC, filed a response. ECF No. 22.

1

Wharton County District Court to oversee the distribution of attorneys' fees and expenses related to a $1.5 billion class-action settlement in the multidistrict Syngenta Corn Litigation. *See In re: Syngenta AG MIR162 Corn Litigation*, Master File No. 2:14-MD-02591-JWL-JPO, MDL No. 2591 (D. Kan.). Purported Defendant Employee Funding of America, LLC ("EFOA") intervened in the QSF proceeding, seeking to stay and vacate the agreed-upon distributions. After a mandamus action, an arbitration in Travis County, and appeals of both, Clark and Flowers asserted counterclaims against EFOA in the QSF proceeding for tortious interference with contract.

Without severing those counterclaims, EFOA removed the QSF proceeding to federal court based on federal diversity jurisdiction. *See* ECF Nos. 1, 1-2. Clark and Flowers moved for remand, ECF No. 6, EFOA responded, ECF Nos. 10, 11, 12, and Clark and Flowers filed a reply, ECF No. 14. The Court recommended granting the motion to remand and awarding reasonable attorneys' fees under 28 U.S.C. § 1447(c). R. & R., ECF No. 18 at 33. When EFOA filed no objections, the district judge adopted the report and recommendation, directing Clark and Flowers to file documentation in support of attorneys' fees and costs within 14 days. Order Adopting, ECF No. 19. Clark and Flowers timely filed the instant motion, seeking $99,126 in attorneys' fees and $141 in costs. ECF No. 20 at 11. EFOA filed a notice of non-opposition. ECF No. 22.

## II.    ATTORNEYS' FEES AND COSTS ARE PERMITTED UNDER 28 U.S.C. § 1447(c) FOR A SUCCESSFUL MOTION TO REMAND.

Section 1447 provides that a successful motion to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Attorneys' fees are available only "where the removing party lacked an objectively reasonable basis for seeking removal" or in other "unusual circumstances." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although "costs of opposing removal, seeking remand, and other expenses incurred because of the improper removal may be awarded," other "ordinary litigation expenses" are not generally recoverable. *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).

The Court previously determined that attorneys' fees were available in this case, because EFOA's removal of counterclaims was not "objectively reasonable" under Supreme Court precedent. R. & R., ECF No. 18 at 31 (citing *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ___, 139 S. Ct. 1743, 1748 (2019)). The Court also noted that EFOA's refusal to identify every LLC member, despite well-established requirements for diversity jurisdiction, further supported an award of attorneys' fees. *Id.* at 32-33 (citing *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023)). Clark and Flowers's application for attorneys' fees is timely, *see* Order Adopting, ECF No. 19 at 2, and attorneys' fees and costs under § 1447(c) will be awarded.

## III.   CLARK AND FLOWERS ARE ENTITLED TO ATTORNEYS' FEES, BUT THE REQUESTED AMOUNT IS EXCESSIVE.

District courts in the Fifth Circuit determine reasonable attorneys' fees in two steps. *Calsep A/S v. Intelligent Petroleum Software Sols., LLC*, No. 4:19-cv-1118, 2022 WL 508334, at *2 (S.D. Tex. Feb. 18, 2022) (citing *Jimenez v. Wood Cty.*, 621 F.3d 372, 379-80-80 (5th Cir. 2010)). First, the district court must determine the lodestar, which is the number of hours reasonably worked multiplied by the prevailing hourly rate in the community for similar work. *Id*. (citing *Jimenez*, 621 F.3d at 379).[4] The district court must exclude from this calculation as a matter of billing judgment any time that is excessive, duplicative, or inadequately documented. *Id.* (citing *Jimenez*, 621 F.3d at 379-80); *accord Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

Next, once the lodestar is calculated, the district court can adjust the amount if needed based on the *Johnson* factors. *Calsep*, 2022 WL 508334, at *3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).[5]

---

[4] The party seeking attorneys' fees bears the burden of establishing the reasonable number of hours expended, evidenced by time records. *See League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). The moving party also has the burden to establish a reasonable hourly rate, defined as the market rate where the district court is located. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Parties may provide affidavits of other attorneys in the community to establish the reasonable hourly rate. *Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002). While counsel's own affidavits may be sufficient if thoroughly evidenced and documented, a mere conclusory statement that a fee is reasonable is not enough. *See Bynum v. Am. Airlines*, 166 F. App'x 730, 736 (5th Cir. 2006).

[5] The twelve factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the

However, there is a strong presumption that the lodestar is reasonable, and no further modification is necessary. *Id.* (citing *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550-53 (2010) (discussing how the lodestar method is preferred for awarding reasonable attorneys' fees)).[6]

Clark and Flowers seek $28,690 for 30.2 hours of attorney time at an hourly rate of $950 per hour, $63,245 for 97.3 hours of attorney time at an hourly rate of $650 per hour, and $7,191 for 30.6 hours of paralegal time at an hourly rate of $235 per hour, for a total of $99,126 for 158.1 total hours of work in this matter.[7] ECF No. 20 at 6-9. To support the motion for attorneys' fees, Clark and Flowers provide an affidavit from counsel, Michael Moreland, a partner at Clark, Love & Hutson, PLLC, who is a products liability attorney with over 18 years of experience handling

---

fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[6] Following the Fifth Circuit's adoption of the *Johnson* factors, the Supreme Court stated that the lodestar method on its own is preferable to the *Johnson* approach because the *Johnson* factors, "gave very little actual guidance to district courts" thereby placing "unlimited discretion in trial judges and produc[ing] disparate results." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986). The Fifth Circuit interpreted the Supreme Court decision to incorporate the lodestar method with the *Johnson* factors by employing the two-step process discussed. *Combs v. City of Huntington*, 829 F.3d 388, 393 (5th Cir. 2016). The Fifth Circuit noted in *Combs* that enhancements using the *Johnson* factors should be rare and used only to guarantee adequate representation. *Id.* (quoting *Perdue*, 559 U.S. at 559).

[7] It does not appear that counsel has discounted their rates or significantly reduced any of the time expended in this matter. Instead, counsel apparently eliminated 9.5 hours from the total for several conferences and communications with co-counsel. *See* ECF Nos. 20-2 ¶ 13; 20-3 at 11-12.

complex multidistrict litigation. Moreland Aff., ECF No. 20-2 ¶ 14. Also assigned to the case was Jason Milne, a senior litigation attorney with 18 years of experience in complex products liability litigation. *Id.* ¶ 15. These are the same lawyers that represented the plaintiffs in the underlying class action from which this fee dispute arises. The final member of the team was Tollie Windham, a senior litigation paralegal with 39 years of experience. *Id.* ¶ 16. Clark and Flowers then provide billing records detailing the time spent on this case and the nature of the work performed, including the preparation of a motion to remand, certificates of interested parties, and a Rule 26(f) report. ECF No. 20-3.

### A.      Counsel Charged a Reasonable Hourly Rate.

"The first step in computing the lodestar is determining a reasonable hourly rate." *Malick v. NCO Fin. Servs., Inc.*, No. CIV. A. H-14-1545, 2015 WL 4078037, at *2 (S.D. Tex. July 6, 2015). "'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *Id.* (quoting *McClain v. Lufkin Indus.,* 649 F.3d 374, 381 (5th Cir. 2011)). "The prevailing market rates for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate." *Id.* (quotation omitted) (citing *Tollett*, 285 F.3d at 368). "When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should

consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is prima facie reasonable." *Id.* (quoting *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)).

"Determination of the reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there." *Id.* (quoting *Chisholm v. Hood*, 90 Fed. App'x 709, 710 (5th Cir. 2004)). However, "a mere conclusory statement that a fee is reasonable in light of the success obtained" is insufficient. *Combs*, 829 F.3d at 397 (cleaned up) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 439 n.15 (1983)). When determining a reasonable rate, "the attorneys' regular rates" are also relevant. *La. Power & Light Co.*, 50 F.3d at 328. A court also "may consider its own knowledge and experience concerning reasonable and proper fees." *Cabezas v. Bravura Info. Tech. Sys., Inc.*, No. 7:19-CV-00027, 2019 WL 13190651, at *3 (S.D. Tex. Dec. 11, 2019) (quotation omitted).

In the instant case, Moreland submits that his hourly rate is $950 per hour. ECF No. 20-2 ¶ 14. In support of this contention, counsel attests that this is a reasonable hourly rate for an attorney of his experience and expertise in complex litigation. *Id.* Counsel notes that other courts have recently approved this hourly rate for his work. *Id.*; *see also* ECF No. 20-4. Milne's standard hourly rate is $650 per hour, while Windham's hourly rate is $235 per hour. ECF No. 20-2 ¶¶ 15-16. Counsel attests that these rates are "consistent with the prevailing rates" for attorneys

and paralegals of comparable experience in Houston. *Id.* Clark and Flowers further identify cases approving hourly rates of over $800 per hour for partners in the Houston area. ECF No. 20 at 8; *see also BMC Software, Inc. v. Int'l Bus. Machines Corp.*, No. H-17-2254, 2022 WL 3156220, at *6 (S.D. Tex. Aug. 8, 2022) (awarding unopposed rates ranging from $165 to $885 in complex trade secrets and breach-of-contract case); *Doe v. Eisenberg*, No. CV H-16-1149, 2021 WL 4310601, at *2 (S.D. Tex. July 23, 2021) (finding rate of $825 reasonable after trial when not disputed).

Based on the submitted evidence and the Court's knowledge and experience, the Court finds the requested attorney and paralegal rates[8] to be within the prevailing market rates for Houston. Further, since EFOA does not contest the reasonableness of the requested rates, *see* ECF No. 22, the Court finds the requested rates to be prima facie reasonable, *see La. Power & Light Co.*, 50 F.3d at 328.

### B.    Counsel Failed to Exercise Billing Judgment.

"The second step in the lodestar analysis is to determine the number of hours reasonably spent on the litigation." *Malick*, 2015 WL 4078037, at *4. At this step, "[a] court must exclude excessive, redundant, or otherwise unnecessary hours," or

---

[8] Clark and Flowers cite no cases that support the reasonableness of Windham's $235 hourly rate. Instead, the cited cases support that an hourly rate up to $280 per hour for paralegals and law clerks may be reasonable in Washington, D.C., but not Houston. *See Adhikari v. Daoud & Partners*, No. 4:09-CV-1237, 2017 WL 5904782, at *14 (S.D. Tex. Nov. 30, 2017) (noting that D.C. is "perhaps the most expensive legal market in the country"). Even so, the Court finds this rate to be reasonable based on its knowledge and experience in the Houston area.

even "deduct a reasonable percentage of the hours claimed as a practical means of trimming fat from a fee application." *Id.* Fee applicants are thus "charged with proving that they exercised billing judgment." *Saizan v. Delta Concrete Products Co.*, 448 F.3d 795, 799 (5th Cir. 2006). "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Id.* Where a fee applicant fails to exercise billing judgment, "a reduction of the award by a percentage intended to substitute for the exercise of billing judgment" is appropriate. *Id.*; *see also Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 388 (S.D. Tex. 2016) (reducing lodestar by 50% for lack of billing judgment); *Preston Expl. Co., LP v. GSP, LLC*, No. CIV.A. H-08-3341, 2013 WL 3229678, at *8-9 (S.D. Tex. June 25, 2013) (20% reduction); *Peak Tech. Servs., Inc. v. Land & Sea Eng'g, LLC*, No. CIV.A. H-10-1568, 2012 WL 3234203, at *8 (S.D. Tex. Aug. 6, 2012) (50% reduction).

Clark and Flowers request reimbursement of 158.1 total hours of work in this case, representing 127.5 hours of attorney time and 30.6 hours of paralegal time. ECF No. 20 at 6-9. Counsel submits an itemized spreadsheet in support, containing dates, the professional's name, a task description, time units, rates, and amount. ECF No. 20-3. Counsel purportedly exercised billing judgment by eliminating 9.5 hours from the total, ECF No. 20-2 ¶ 13, but no explanation is offered for why those hours were eliminated and not others. In the Court's experience, billing over 150 hours,

essentially a month's time, to remand an improperly removed case to state court is excessive and it is evident that counsel failed to exercise adequate billing judgment.

### 1.    *The billed hours fall within the scope of recoverable fees.*

For an award of attorneys' fees under § 1447(c), "a party's costs of opposing removal, seeking remand, and other expenses incurred because of the improper removal may be awarded." *Avitts*, 111 F.3d at 32. However, "ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred 'as a result of the removal.'" *Id.*; *accord De Jongh v. State Farm Lloyds*, 555 Fed. App'x 435, 439 (5th Cir. 2014). Courts thus cannot award fees for time expended prior to removal or spent on matters unrelated to removal. *See, e.g.*, *W. Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-CV-565-L, 2016 WL 7735761, at *6-7 (N.D. Tex. Dec. 28, 2016), *adopted*, No. 3:16-CV-565-L, 2017 WL 118864 (N.D. Tex. Jan. 12, 2017) (reducing award by time spent on motions to dismiss); *Wermelinger v. Conn. Gen. Life Ins. Co.*, No. CIV.A. 3:97-CV-1100D, 1998 WL 401607, at *3 (N.D. Tex. July 15, 1998) (declining to award fees where "the work is not related to removal, could have arisen in state court, and is usable in state court").

In this case, counsel's itemized spreadsheet begins on August 17, 2023, ECF No. 20-3 at 3, when EFOA filed its notice of removal, ECF No. 1. While most of the entries relate to the motion to remand, counsel also seeks to recover time spent

reviewing EFOA's answer, drafting and reviewing certificates of interested parties, and preparing a Rule 26(f) report. ECF No. 20-3 at 4-5, 10. The Court's Report and Recommendation, ECF No. 18, was entered on January 29, 2024, and the Order Adopting< ECF No. 19, was entered on February 13, 2024. The spreadsheet continues through February 21, 2024, with the preparation of the motion for fees. ECF No. 20-3 at 10-11.

Clark and Flowers argue that "[a]ll such tasks resulted directly from EFOA's removal of this case to federal court and would otherwise have been totally unnecessary." ECF No. 20 at 5. Clark and Flowers rely on *Jiwani v. United Cellular, Inc.*, for the proposition that fees are recoverable for time spent "participating in the joint scheduling conference." No. 3:13-CV-4243-M-BK, 2014 WL 4805781, at *7 (N.D. Tex. Sept. 29, 2014).[9] Counsel thus attests that time spent on tasks unrelated to the motion to remand "would not have been incurred had EFOA not removed this case to federal court." ECF No. 20-2 at 3. While some of the matters discussed for the parties' Rule 26(f) report could usable in state court, *see Wermelinger*, 1998 WL 401607, at *3, the Court agrees that such matters would not have arisen but for removal.[10] Although counsel cites no authority in support of recovering attorneys'

---

[9] No scheduling conference was held in this case. Although an initial conference was set for November 3, 2023, *see* ECF No. 2, it was subsequently terminated, *see* Text Order, Oct. 30, 2023, after the parties timely filed their joint Rule 26(f) report and scheduling order, ECF Nos. 16, 17.

[10] Indeed, because Clark and Flowers did not create a new civil action by filing counterclaims in an existing state court action, *see Home Depot*, 139 S. Ct. at 1748, much of the work required for

fees for reviewing EFOA's answer or negotiating attorneys' fees, because the number of hours billed for those tasks is relatively small and EFOA does not contest them, the Court finds those hours are recoverable as "expenses incurred because of the improper removal." *Avitts*, 111 F.3d at 32.

### 2.   Hours expended on clerical tasks are non-compensable.

"Reasonable hours do not include hours spent on clerical or nonlegal tasks." *Moreno v. Perfection Collection, LLC*, No. CV H-18-2757, 2018 WL 6334837, at *5 (S.D. Tex. Dec. 5, 2018); *see also Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001) (refusing to award fees for paralegals doing clerical tasks); *accord Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). This includes such clerical tasks as "reviewing and calendaring deadlines; printing, copying, and filing documents; drafting cover letters; . . . organizing and updating materials and binders; loading and organizing computer databases; redacting and assembling exhibits; and transmitting documents." *Moreno*, 2018 WL 6334837, at *5; *see also Badon v. Berry's Reliable Res., LLC*, No. CV 19-12317, 2022 WL 18671139, at *5 (E.D. La. Nov. 17, 2022), *adopted*, No. CV 19-12317, 2023 WL 395181 (E.D. La. Jan. 25, 2023) (reducing hours by 10% for failure to eliminate administrative tasks).

---

preparing newly filed cases, *see, e.g.*, FED. R. CIV. P. 16(c), 26(f), was unnecessary here.

The itemized spreadsheet contains many entries for counsel billing for routine, clerical tasks.[11] For example, on the date of removal, attorney Milne billed 0.2 hours at a rate of $650 per hour to "Calculate and calendar deadline to file Motion to Remand." ECF No. 20-3 at 3; *see also id.* at 8 ("Calendar EFOA's deadline to respond to Motion to Remand."). Many of their paralegal's billed hours also include clerical tasks, such as drafting cover letters, preparing exhibit binders, filing motions, and saving documents "to e-file client folder." *Id.* at 3-5, 7-11. Two such entries for preparing the exhibits and appendix for the motion to remand accounted for a combined 12.0 hours. *Id.* at 6. Failure to eliminate or substantially reduce the hourly rates charged for such clerical tasks indicates a lack of billing judgment.

### 3.    *Counsel failed to reduce billing rates due to overstaffing.*

Reasonable billing judgment further requires writing off any hours that are "unproductive, excessive, or redundant." *Saizan*, 448 F.3d at 799. Relevant factors a court may consider include "the attorneys' expertise" or "the simplicity of the case." *LULAC*, 119 F.3d at 1233 (5th Cir. 1997); *cf. Chong v. Sunrise Restaurants, LLC*, No. EP-22-CV-00365-FM, 2023 WL 3467786, at *3 (W.D. Tex. May 15, 2023) (noting "some lawyers simply work faster than others," but attorneys do not

---

[11] The Court will not list the minutiae of counsel's timekeeping in the absence of opposition briefing. *Cf. Fox v. Vice*, 563 U.S. 826, 838 (2011) (reasoning courts need not "become green-eyeshade accountants" for fee-shifting disputes, as the goal "is to do rough justice, not to achieve auditing perfection" which permits using a court's "overall sense of a suit" and "estimates" in calculations). Instead, the Court provides representative examples to explain its reasoning.

"have carte blanche to spend as much time as they want so long as they succeed"). Claimed hours also may be excessive where a case is overstaffed "with senior partners" and "the person performing work was often overqualified." *Preston*, 2013 WL 3229678, at *6-7; *cf. Calsep*, 2022 WL 508334, at *5 ("Staffing a case with three senior partners with essentially no associates is overstaffing.").

Counsel justifies their billing rates—$950 for partner Moreland, and $650 for senior litigation attorney Milne—through their extensive experience with complex litigation. ECF No. 20-2 ¶¶ 14-15. Those two senior attorneys, with over 36 years in combined experience, accounted for 127.5 hours—over 80% of the claimed hours in this case—necessary to draft a single motion to remand and a reply. *Id.* ¶¶ 13-15. While the rates charged are reasonable considering counsel's accomplishments and years of experience, that does not mean it was reasonable to staff this case with two senior attorneys where a junior associate could have performed many of the same tasks for a fraction of the cost. Nor were counsel's years of experience in complex products liability litigation necessary for threshold matters of removal and federal diversity jurisdiction.

Based on counsel's qualifications, the Court believes that billing over 150 hours for a motion to remand is unreasonable. The case was removed in August 2023 and the motion to remand was filed three weeks later. ECF Nos. 1, 6. Other than filing certificates of interested parties and the joint discovery case management plan,

ECF Nos. 4, 5, 8, 16, there was no activity in this case. Most of the cases Clark and Flowers cite in support are inapposite. ECF No. 20 at 4 (citing *Vaquero Permian Processing LLC v. MIECO LLC*, No. P:21-CV-00050-DC, 2022 WL 2763514, at *2 (W.D. Tex. May 26, 2022) (reducing requested 49.7 hours by 15% for lack of billing judgment); *Chong v. Sunrise Restaurants, LLC*, No. EP-22-CV-00365-FM, 2023 WL 3467786, at *3 (W.D. Tex. May 15, 2023) (finding 25.25 hours reasonable for motion to remand)). The only case involving a comparable amount of time is *Jiwani*, where the court found 138.45 hours reasonably expended,[12] after eliminating hours spent in settlement discussions. 2014 WL 4805781, at *7. The *Jiwani* court noted that the removal and remand arguments included "somewhat novel" issues of preemption, and the plaintiff additionally faced two Rule 12(b) motions to dismiss. *Id.* Similarly here, the motion involved some novel questions about the QSF litigation in state court, whether the parties were plaintiff and defendant or counter-plaintiff and counter-defendant, and whether the litigation was removable. ECF No. 6. In the final analysis, EFOA's attempt to remove counterclaims ran contrary to Supreme Court precedent. *See* R. & R., ECF No. 18 at 31 (citing *Home Depot*,

---

[12] *Jiwani* is further distinguishable from the instant case because the plaintiff's fee request was only $36,709.90, and the hourly rates charged by counsel ranged from $200 per hour to $325 per hour. 2014 WL 4805781, at *3. Because the submitted affidavit contained no evidence of counsel's experience or skills, the court calculated the lodestar using a standard rate of $259 per hour for the Dallas area. *Id.* at *5-6. What might require 130 hours for "relatively inexperienced" attorneys, *id.* at *6, should take much less time for experienced counsel with hourly rates of $650 or $950.

139 S. Ct. at 1748).

It is apparent from the billing documentation that Milne was filling the role of a mid-level associate in this case. After their paralegal prepared a draft shell of the motion to remand, ECF No. 20-3 at 4, Milne prepared an initial draft, and Moreland spent 6.1 hours revising that draft, *id.* Over the next two weeks, Milne billed over 40 hours researching, drafting, and revising each section of the motion to remand. *Id.* at 6-7. Moreland then billed 7.6 hours reviewing the work of a senior associate that likely required only minor adjustments. *Id.* Where a senior associate was performing tasks that could have been delegated to a junior associate, counsel should have either reduced their billing rates for those entries or eliminated hours spent reviewing as redundant. *See Preston*, 2013 WL 3229678, at *9; *Calsep*, 2022 WL 508334, at *5. Failure to do so demonstrates a lack of billing judgment.

### 4. *Billed hours for minor tasks are excessive or duplicative.*

The Court further notes that many billing entries appear to be redundant:

- August 17, 2023, billing 0.6 hours for Michael Moreland to "Receipt and review of EFOA's Notice of Removal." ECF No. 20-3 at 3.

- August 17, 2023, billing 0.6 hours for Jason Milne to "Review/analyze EFOA's Notice of Removal and the attachments thereto." *Id.*

- October 10, 2023, billing 0.5 hours for Michael Moreland to "Research Texas court rules relative to arguments asserted by EFOA in response to Motion to Remand." *Id.* at 9.

16

- October 10, 2023, billing 0.5 hours for Jason Milne to "Research Texas court rules relative to arguments asserted by EFOA in response to Motion to Remand." *Id.*

Counsel also routinely billed small amounts of time for reviewing simple matters:

- October 12, 2023, billing 0.1 hours for Jason Milne to "Review Order referring case to Magistrate Judge Dena Hanovice Palermo for a Report and Recommendation on Motion to Remand." *Id.*

These are just a handful of obvious examples.[13] Nonetheless, this pattern of billing every minor activity persists throughout the spreadsheet. Particularly considering counsel's overstaffing, this pattern shows a lack of billing judgment, and the Court will reduce the reasonable hours accordingly.

### 5.    *An across-the-board percentage reduction is appropriate.*

Although EFOA represents that it does not contest the reasonableness of the requested award, ECF No. 22, the Court can only include hours that are "reasonably expended" in the lodestar calculation, *McClain*, 519 F.3d at 284. The Court has therefore reviewed the billing documentation as noted above, but the Court will not make EFOA's arguments for it. Instead, the sole question is whether Clark and Flowers have met their burden of proving the hours requested are reasonable. *See Black*, 732 F.3d at 502. The Court finds they have not, and a percentage reduction for lack of billing judgment is appropriate. *See Saizan*, 448 F.3d at 799; *Gurule v.*

---

[13] Many of the billing entries also consist of conferences or nondescript communications with co-counsel or opposing counsel. Although counsel eliminated several such entries, *see* ECF No. 20-3 at 11-12, there is no explanation why only those and not other similar entries were not reduced.

*Land Guardian, Inc.*, No. 4:15-CV-03487, 2017 WL 6761821, at *4 (S.D. Tex. Oct. 24, 2017), *aff'd*, 912 F.3d 252 (5th Cir. 2018) (noting "courts frequently reduce the lodestar by 10 to 50 percent" for lack of billing judgment). Based on the Court's experience in similar cases, the Court believes that a combined 25% reduction is warranted under these circumstances. This amount represents 20% for excessive or redundant billing, including issues of overstaffing, and 5% for billing administrative, clerical, or menial tasks. *See, e.g.*, *Calsep*, 2022 WL 508334, at *5 (20% reduction for overstaffing); *Preston*, 2013 WL 3229678, at *9 (20% reduction for overstaffing and billing for clerical tasks); *Rouse*, 181 F. Supp. 3d at 388 (reducing fees by 50%); *Peak Tech.*, 2012 WL 3234203, at *8 (50% reduction); *Badon*, 2022 WL 18671139, at *5 (10% reduction for clerical tasks).

### 5.    *No further adjustment of the lodestar is necessary.*

Although the lodestar may require adjustment in rare cases, "there is a 'strong presumption' that the lodestar figure is reasonable." *Perdue*, 559 U.S. at 554. Clark and Flowers do not seek any further adjustment under the *Johnson* factors. ECF No. 20 at 10. Instead, Clark and Flowers contend that several of those factors support "a substantial fee award" as reflected in the requested lodestar. *Id.* at 11. EFOA does not contest the amount requested in any respect. ECF No. 22. The Court does not find that further modification under the *Johnson* factors necessary. *See Heidtman*, 171 F.3d at 1043 (noting no adjustments permitted where "lodestar award already

took that factor into account"). The Court likewise declines to separately consider the *Johnson* factors Clark and Flowers cite in support, as questions of simplicity and similar awards are generally subsumed within the lodestar analysis. *See Alvarez v. McCarthy*, No. 20-50465, 2022 WL 822178, at *3 (5th Cir. Mar. 18, 2022).

### C.    The Lodestar Calculation Is Reasonable.

The lodestar is calculated by multiplying the reasonable hourly rates by the reasonable hours expended, alongside any percentage reduction for lack of billing judgment, which results in a presumptively reasonable lodestar amount. *See Saizan*, 448 F.3d at 799-800. The Court's lodestar calculation is as follows:

| | |
|---|---|
| Michael Moreland | 30.2 hours x $950 hourly rate = $28,690.00 |
| + Jason M. Milne | 97.3 hours x $650 hourly rate = $63,245.00 |
| + Tollie Windham | 30.6 hours x $235 hourly rate = $7,191.00 |

Subtotal $99,126.00 x 0.75 reduction for billing judgment = $74,344.50

The Court believes that the resulting award is *more* than reasonable for a single motion to remand, involving a somewhat novel question regarding the removability of a counterclaim raised in a QSF action, particularly when compared to awards in comparable remand cases. *See Jiwani*, 2014 WL 4805781, at *7 ($30,566 lodestar); *Vaquero*, 2022 WL 2763514, at *4 ($29,871.55 lodestar); *W. Healthcare*, 2016 WL 7735761, at *7 ($18,572 lodestar); *Casas v. Lickity Split Expediting, L.L.C.*, No. 23-10311, 2023 WL 8434174, at *1 (5th Cir. Dec. 5, 2023) (affirming $35,980 award of § 1447(c) attorneys' fees); *Colorado Rockies Trucking, LLC v. ATG Ins. Risk*

*Retention Group, Inc.*, No. 3:21-CV-00093, 2022 WL 125034, at *3 (S.D. Tex. Jan. 12, 2022) ($15,826 in fees and costs for successful remand). Given that EFOA does not contest the amount of the fees requested, the Court declines to reduce the award any further.

Clark and Flowers are thus entitled to recover $74,344.50 in attorneys' fees.

## IV.   CLARK AND FLOWERS ARE ENTITLED TO RECOVER THEIR REQUESTED COSTS.

Clark and Flowers also request reimbursement of $141 in costs, representing printing expenses associated with the motion to remand. ECF Nos. 20 at 11; 20-3 at 2. These costs were necessary to comply with Judge Ellison's court procedures, which require courtesy copies for any document with exhibits exceeding 50 pages. Judge Keith P. Ellison, Court Procedures ¶ 8(B).[14] Clark and Flowers argue that courts generally permit recovery of copying costs. ECF No. 20 at 11 (citing *Roussel v. Brinker Intern., Inc.*, No. CIV.A.H-05-3733, 2010 WL 1881898, at *12 (S.D. Tex. Jan. 13, 2010), *aff'd sub nom. Roussell v. Brinker Intern., Inc.*, 441 Fed. App'x 222 (5th Cir. 2011); *Gee v. Texas*, No. 3:18-CV-2681-G-BN, 2018 WL 6991039, at *9 (N.D. Tex. Dec. 10, 2018), *adopted*, No. 3:18-CV-2681-G (BN), 2019 WL 162909 (N.D. Tex. Jan. 10, 2019)). EFOA does not contest costs. ECF No. 22.

The statute provides that "just costs" are available for a successful motion to

---

[14] *See Judges' Procedures*, S.D. TEX., https://www.txs.uscourts.gov/page/district-magistrate-judges-procedures-schedules (last visited Mar. 25, 2024).

remand. 28 U.S.C. § 1447(c). Taxable costs available to a prevailing party are generally set out in 28 U.S.C. § 1920, which allows for printing and copying costs. *See Gee*, 2018 WL 6991039, at *9 (citing 28 U.S.C. § 1920). The printing costs Clark and Flowers seek to recover were necessary to comply with court orders, and the requested amount is not excessive. Therefore, EFOA must reimburse Clark and Flowers $141.00 in costs for printing and copying expenses.

## V.    CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Clark and Flowers's motion for attorneys' fees and costs, ECF No. 20, be **GRANTED**, and that EFOA be ordered to pay Clark and Flowers's reasonable attorneys' fees in the amount of $74,344.50 and costs in the amount of $141.00, for a total of $74,485.50.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed on May 17, 2024, at Houston, Texas.

**Dena Hanovice Palermo**
**United States Magistrate Judge**